## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**A I G PROPERTY CASUALTY CO**        **CASE NO.  2:20-CV-01484**

**VERSUS**        **JUDGE JAMES D. CAIN, JR.**

**POLARIS INDUSTRIES INC ET AL**        **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court are two motions: (1) "Defendants Polaris Industries Inc. and Polaris Inc.'s Motion to Dismiss" (Doc. 13) and (2) "Defendants Polaris Industries Inc. and Polaris Inc.'s Motion to Dismiss" (Doc. 19). Both motions seek to dismiss Plaintiff, AIG Property Casualty Co.'s ("AIG") Complaint pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTUAL ALLEGATIONS

AIG alleges the following in its Petition for Damages. AIG filed suit as subrogee of Patrick and Sandra Walkin.[1] The Walkins purchased a Polaris side by side off road vehicle (referred to as the "Polaris ATV").[2] On or about October 7, 2019, a fire occurred in the Walkin's garage and caused significant damage to their property.[3] AIG, as the Walkin's insurer, retained experts who opined that more probable than not, the fire originated inside the Polaris ATV.[4]

---

[1] Petition for Damages, Doc. 1-1.
[2] Id. ¶ 10.
[3] Id. ¶ 11.
[4] Id. ¶ 12.

AIG made payments to or on behalf of the Walkins in the amount of Three Hundred Twenty-Two Thousand, One Hundred Thirty-One Dollars and Fifty-Six Cents ($322,133.56).[5] AIG is subrogated to the rights of Patrick and Sandra Walkin to the extent of the payments it made in compensation for the significant damages caused by the defective condition within the Polaris ATV, which was manufactured and distributed by Polaris.[6] AIG filed the instant lawsuit seeking rights to recovery for the payments it made to the Walkins based on negligence and damages pursuant to the Louisiana Products Liability Act.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to

---

[5] Id. ¶ 13.
[6] Id. ¶ 14.

plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## RELEVANT PROCEDURAL HISTORY

The instant lawsuit was removed from state court November 19, 2020. On December 10, 2020, Defendants Polaris Inc. and Polaris Industries Inc. ("Polaris") filed the first Motion to Dismiss (Doc. 13) seeking to dismiss AIG's claims of negligence based on the exclusive remedies provided by the Louisiana Product's Liability Act. ("LPLA"). Polaris also moved to dismiss AIG's LPLA claims for failure to provide sufficient factual allegations to support a claim under the LPLA.

Shortly thereafter, AIG filed "Plaintiff's First Amended Complaint"[7] to cure the deficiencies asserted in Polaris's Motion to Dismiss.  Specifically, the Amended Complaint attempted to remove by amendment all non-LPLA allegations and allege more facts to establish a claim under the LPLA. Polaris then filed the second "Motion to Dismiss" (Doc. 19) which seeks only to dismiss non-LPLA (negligence) claims. After answering the Complaint and the Amended Complaint,[8] out of an abundance of caution, and with the consent of AIG, Polaris filed an "*Ex-Parte/Consent* Rule 41 Partial Motion for Voluntary Dismissal with Prejudice"[9] to dismiss the non-LPLA claims, but reserving AIG's rights, claims and causes of action against Polaris as they appear  in AIG's original Petition for Damages and First Amended Complaint. The Court granted that motion dismissing with

[7] Doc. 15.
[8] Docs. 20, 21, 22, 23.
[9] Doc. 26.

prejudice AIG's claims of negligence against Polaris, thus rendering the second Motion to Dismiss (Doc. 19) moot. The only remaining issue to be decided by the Court is whether AIG's Complaint, as amended, alleges sufficient facts to establish its LPLA claims.

## LAW AND ANALYSIS

Louisiana Revised Statute 9:2800.54 of the LPLA states:

A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.

B. A product is unreasonably dangerous if and only if:

1. The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

2. The product is unreasonably dangerous in design as provided in R.S. 2800.56;

3. The product is unreasonably dangerous because an adequate warning about the product has not been provided in R.S. 9:2800.57; or

4. The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of its manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.56 or 9:2800.57 must exist at the time the product left the control of tis manufacturer or result from a reasonably anticipated alteration or modification of the product.

In their Amended Complaint, AIG alleges that it retained qualified experts who opined that the fire originated insider the Polaris ATV that was manufactured and

distributed by Polaris.[10] AIG alleges that a video obtained from the Walkin's property shows the Polaris ATV sparking and catching fire inside the garage of the property.[11] AIG's experts opined that the fire was the result of the failure of the electrical wires associated with the Polaris ATV's starter and battery and that the failure of the wires was the result of damage cause by the natural vibration of the Polaris ATV.[12]  AIG's experts further opined that this known hazard could have been protected against by Polaris, by using protective sleeves, securing the wiring in place by use of clamps or similar devices, or by otherwise ensuring that the wiring would not be damaged by the vibrations caused by the normal operation of the Polaris ATV.[13]

AIG alleges that the Polaris ATV was defective and unsafe for its intended purpose in its design and manufacture and the defective condition was present at the time it was manufactured, sold, and distributed by Polaris. Furthermore, the defects within the Polaris ATV were the direct, proximate cause of the subject fire and the damages sustained.

The Court must accept as true the allegations in AIG's Complaint. The Court finds that AIG's Complaint, as amended, contains sufficient allegations demonstrating that it is entitled to relief.

---

[10] Doc. ¶ 13.
[11] Id.
[12] Id. ¶ ¶ 14 and 15.
[13] Id. ¶ 18.

## <u>CONCLUSION</u>

For the reasons set forth above, the motion to dismiss will be denied as to Polaris's request to dismiss AIG's claim pursuant to the LPLA; the motion will be denied as moot as to Polaris's motion to dismiss AIG's non-LPLA claims.

**THUS DONE AND SIGNED** in Chambers, on this 6th day of January, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**